UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL L. GILMORE, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-3149 |
| § | |
| BANK OF AMERICA, N.A. AS SUCCESSOR § | |
| BY MERGER TO BAC HOME LOANS § | |
| SERVICING, L.P. FORMELY KNOWN AS § | |
| COUNTRYWIDE HOME LOANS § | |
| SERVICING, L.P., FOR THE BENEFIT OF § | |
| FANNIE MAE REMIC TRUST 2007 W1, *et* § | |
| *al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court are Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss and Brief in Support (Doc. 8) and Defendant Barrett Daffin Frappier Turner & Engel, L.L.P.'s ("BDFTE") Rule 12(b)(6) Motion to Dismiss (Doc. 9). Plaintiffs Samuel L. Gilmore and Kimberly Gilmore ("Plaintiffs") have not filed a response to either motion; therefore, pursuant to Local Rule 7.4, both motions are deemed unopposed.

Having considered the merits of the arguments, the facts in the record, and the applicable law, the Court concludes that the motions should be granted and Plaintiffs' case dismissed.

**I.  Background**

On October 8, 2012, Plaintiffs Samuel and Kimberly Gilmore, proceeding pro se, filed their Original Petition (Doc. 1-1) in state court. The case was timely removed to this Court, and Defendants subsequently filed their respective Motions to Dismiss. In its motion, Bank of

America maintains that Plaintiffs' pleading fails to allege any facts, much less any facts that are sufficient to state a claim. In addition, Bank of America argues that, to the extent Plaintiffs are attempting to assert a claim for fraud, there are insufficient allegations of the "who, what, when where, and how" to support such a claim as required by Rule 9(b) of the Federal Rules of Civil Procedure. As for BDFTE's motion, it too is premised on Plaintiffs' failure to allege any facts or state any cognizable claims. Plaintiffs have not filed a response to either of the two Motions to Dismiss. In addition, the Rule 16 pretrial conference has twice been reset because of Plaintiffs' failure to appear.

## II. Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint, viewed in the light most favorable to the plaintiff, must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining the reasonableness of such an inference is "a context-specific task that requires the … court to draw on its judicial experience and common sense." *Id.* at 679. In addition, fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): that "a party must state with particularity the circumstances constituting fraud." The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

In considering a Rule 12(b)(6) motion, the court may examine the complaint, documents

attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, as well as matters of public record. *Lone Star Fund (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also United States ex. Rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("[T]he court may consider … matters of which judicial notice may be taken."). Taking judicial notice of public records directly relevant to the issue in dispute is proper and does not transform the 12(b)(6) motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). A judicially noticed fact must be one "that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### III. Discussion

Plaintiffs' Original Petition is filled with complaints about the mortgage system in the United States, as well as the role of the Mortgage Electronic Registration System, Inc. ("MERS") in that system. What it lacks, however, are facts specific to Plaintiffs' mortgage or the foreclosure proceedings they sought to prevent with the filing of this case. Nonetheless, some relevant facts can be gleaned from Plaintiffs' allegations and the public records Bank of America submitted with its Motion to Dismiss.

In December 2000, Plaintiffs obtained a loan from National City Mortgage for the purchase of the property located at 5607 South Magazine Circle, Houston, Texas 77084 (the "Property"). To secure the Note, Plaintiffs executed a Deed of Trust (Doc. 8-2), and, on June 24, 2011, the Note and Deed of Trust were assigned to Bank of America. Upon Plaintiffs' default, Bank of America foreclosed on the mortgage and commenced eviction proceedings. Plaintiffs, in

filing this suit, sought to forestall the eviction proceedings and vacate the foreclosure. In their Original Petition, Plaintiffs attempt to state the following claims: (1) illegal foreclosure due to misrepresentation and fraud; (2) broken chain of title; (3) breach of trust; (4) violations of the Texas Civil Practice and Remedies Code § 12.002; and (5) fraudulent misrepresentation.

### A.     *BDFTE's Motion to Dismiss*

BDFTE argues in its Motion to Dismiss that Plaintiffs, while naming BDFTE as a defendant, have not, in fact, alleged any claims against it. Accordingly, BDFTE seeks to be dismissed as a defendant from this case. A review of the Original Petition fully supports this argument: Plaintiffs list BDFTE in the caption and name it as a party, but go no further. Plaintiffs do not make any factual allegations against or seek any relief from BDFTE; therefore, they have not stated a claim against BDFTE, and the Motion to Dismiss must be granted.

### B.     *Bank of America's Motion to Dismiss*

For the reasons set forth below, Plaintiffs' claims against Bank of America are also subject to dismissal for failure to state a claim.

#### 1.     *Illegal Foreclosure Due to Misrepresentation and Fraud*

In a section entitled "Illegal Foreclosure Due to Misrepresentation and Fraud," Plaintiffs make the following "allegations":

> Pursuant to [R]ule 94 of the Texas Rules of Civil Procedure, Defendants affirmatively assert the following defenses:
>
> a. STATUTE OF FRAUDS. Pleading further, and in the alternative, Plaintiffs plead that Defendant claims are barred, in whole or in part, because they are based on alleged recordations.
>
> b. Breach of Trust. Pleading further, and in the alternative, Plaintiffs plead that Defendants claims, in whole or in part, are barred because they are based upon assignments not made as instructed in the Pooling and Servicing Agreement (PSA) located in the Real Estate Mortgage Investment Conduit Trust.

> c. Misrepresentation/Malfeasance. Pleading further, and in the alternative, Plaintiffs plead that Defendants claims, in whole or in part, are barred because they are based upon the misrepresentation of brokers operating without a securities license [sic].

Doc. 1-1 at 45-46.

A plaintiff asserting wrongful foreclosure must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Additionally, there must be evidence of an irregularity that "caused or contributed to cause the property to be sold for a grossly inadequate price." *In re Keener*, 268 B.R. 912, 921 (N.D. Tex. 2001). "Under Texas law a grossly inadequate price would have to be 'consideration so far short of the real value of the property as to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.' " *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-359-A, 2012 WL 2511169, at *9 (N.D. Tex. June 29, 2012) (citing *FDIC v. Blanton*, 918 F.2d 524, 531-32 (5th Cir. 1990)). In light of this standard, Plaintiffs' allegations are nonsensical and wholly irrelevant. Because they have not alleged any facts to support any of the elements of a wrongful foreclosure claim, this claim must be dismissed.

  2. *Broken Chain of Title*

Plaintiffs allege that there is no clear chain of title because, first, there is no evidence of proper assignment of the Deed of Trust, and second, the Note was separated from the Deed of Trust, thus rending the Note "unsecured." Doc. 1-1 at 46. The entirety of Plaintiffs' allegations in support of this cause of action reads as follows:

> Plaintiffs do not deny that they signed a Promissory Note on 12/27/2000 and the value of that asset was $119,230.00. The Lender of record was National City Mortgage dba Accubanc Mortgage Company and the borrower(s) were Samuel L.

>Gilmore and Kimberly S. Gilmore. The Promissory Note was endorsed by employees for National City Mortgage and Countrywide. Pursuant to Texas Business and Commerce Code 5.113, once a "Note" has been endorsed, [it] becomes a bank draft. This is evidence that the Note was sold to National City Bank and Countrywide. This would indicate that the Deed of Trust should have been assigned to these two institutions as well. This would also indicate that the initial obligation to National City Mortgage was satisfied once they sold it to National City Bank or Countrywide. Pursuant to (Texas Property Code on assignment), assignments must be recorded within the Real Property division of the County Clerk's Office. As of this day, the only recording in the Harris County Clerk's Office is the Deed of Trust filed on 33/33/2000, a loan Modification filed on 33/33/2006 and a Substitute Trustee Deed filed 33/33/2012. There should have been several other interval filings to establish a clear chain of title. The obvious issue here is without evidence of proper assignment of Deed of Trust, the Promissory Note has been separated from the Deed of Trust which renders the Promissory Note "unsecured" thereby creating a bifurcated title [sic].

Doc. 1-1 at 46.

In essence, Plaintiffs' allegations challenge Bank of America's right to foreclose under a "split the note" theory. Under such a theory, the transfer of a deed of trust without a concurrent transfer of the note renders both the note and deed of trust unenforceable. The Fifth Circuit has expressly rejected such a "split the note" theory where, as here, "the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, at *4 (5th Cir. 2013). Plaintiffs seem to challenge proper assignment of the Note and Deed of Trust, *see* Doc. 1-1 at 47-48; the record, however, contains a facially valid assignment to Bank of America of both documents, *see* Corporation Assignment of Deed of Trust/Mortgage, Doc. 8-3. Such a facially valid assignment "cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat. Trust Co.*, No. 12-50569, 2013 WL 3480207, at *5 (5th Cir. July 11, 2013); *see also Kittler v. GMAC Mortgage, LLC*, No. 4:12-CV-0902, 2013 WL 3294036, at *6 (S.D. Tex. June 28, 2013) ("[P]laintiffs have no standing to challenge assignments unless they become a party, agent or assignee of a party, or a third-party beneficiary of the agreement."). In sum, the Fifth Circuit has

soundly rejected the legal argument put forth by Plaintiffs; therefore, they cannot sustain their claim for a "broken chain of title."

      3.      *Breach of Trust*

Citing the Internal Revenue Code, 26 U.S.C. § 860G, and *In re Kemp*, 440 B.R. 624 (Bankr. D.N.J. 2010), Plaintiffs seem to allege that the assignment of the mortgage to Fannie Mae REMIC Trust 2007-W1 constituted a violation of the Pooling and Servicing Agreement, a violation of the Deed of Trust, and "potentially" a violation of the Internal Revenue Code. Doc. 1-1 at 48-49. As explained above, Plaintiffs cannot challenge the facially valid assignment of the Note and Deed of Trust. Moreover, Plaintiffs can allege no facts that would give them standing to challenge either the Pooling and Servicing Agreement or any mortgagee's compliance with the terms thereof. *See Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) (holding that mortgagor has no standing under Texas law to sue for breach of pooling and servicing agreements) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192-93 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008)). Therefore, Plaintiffs do not state, nor can they state, a claim for "breach of trust."

      4.      *Section 12.002 of the Texas Civil Practice and Remedies Code*

Next, Plaintiffs quote the Texas Civil Practice and Remedies Code § 12.002, but do nothing else: they do not make even a single factual allegation to support a violation of the statute. Accordingly, this claim, to the extent it is intended to be a claim, must be dismissed.

      5.      *Fraudulent Misrepresentation*

The entirety of this claim is as follows: "Plaintiffs misrepresented themselves as a party of real interest by lack or recordation on the Harris County Clerk's office. The fraudulent misrepresentation of Defendants as set forth herein was a proximate cause of damages to

Plaintiff for which Plaintiff seeks judgment from the court [sic]." Doc. 1-1 at 50. No other facts or details are provided.

To state a claim for fraud under Texas law, a plaintiff must allege (1) that the defendant made a representation to the plaintiff; (2) that the representation was material; (3) that the representation was false; (4) that when the misrepresentation was made the defendant knew it was false or made it recklessly and without knowledge of its truth; (5) that the defendant made it with the intent that the plaintiff act on it; (6) that the plaintiff relied on the representation; and (7) that the representation caused injury to the plaintiff.[1] *Shandong Yinquang Chem., Indus. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010). A false representation is material if a reasonable person would attach importance to, and be induced to act on, the information. *Id.* at 1033. "A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made." *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). However, "the mere failure to perform a contract is not evidence of fraud." *Id.*

Here, there are no allegations to support a fraudulent misrepresentation claim. In fact, Plaintiffs do not make any substantive allegations at all, let alone allegations regarding the "who, what, when, where and how of the alleged fraud," which are necessary to satisfy the pleading standard under Rule 9(b). *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). In short, Plaintiffs have failed to state a claim for fraudulent misrepresentation, and this claim must be dismissed.

      6.     *Injunctive and Declaratory Relief*

---

[1] The elements of fraudulent misrepresentation are: "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (*citing Ernst & Young, LLP v. Pac. Mut. Life Ins. Co*, 51 S.W.3d 573, 577 (Tex. 2001)).

Finally, Plaintiffs request a temporary restraining order and preliminary injunction preventing Bank of America from evicting them from the Property pending the outcome of this action. Plaintiffs also seek a declaration that Defendants have no interest in the Deed of Trust and lack standing to foreclose.

Under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, *4 (N.D. Tex. 2010) (*citing Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008)). To sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Similarly, a declaratory judgment claim cannot stand alone because it "is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *See Ayers v. Aurora Loan Servs., L.L.C.*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortg. Corp.*, No. 3:11–CV–1363, 2011 WL 7068386, at *3 (N.D. Tex. 2011) (dismissing claims for declaratory and injunctive relief under Rule 12(b)(6) where plaintiff failed to state his underlying claims for trespass and to quiet title); *James v. Wells Fargo Bank, N.A.*, No. 3:11–CV–2228–B, 2012 WL 778510, at *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged"). Because Plaintiffs have not stated a single substantive claim for which relief may be granted, their requests for injunctive and declaratory relief must also be dismissed.

C.     **Re-Pleading**

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." Thus, when a claim is subject to dismissal under Rule 12(b)(6), "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies"—"*unless it is clear that the defects are incurable* or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (emphasis added).

Here, the record does not support allowing an amendment. Plaintiffs have not filed a response to either Motion to Dismiss, have not appeared for pretrial conferences, and have not properly attempted to amend their pleading. When they did attempt to amend, they did so without first requesting leave of court; more importantly, the proposed changes failed to correct Plaintiffs' fundamental problem: that claims based on Bank of America's alleged lack of standing to foreclose and the invalidity of the assignment fail as a matter of law. *See* Order, Mar. 18, 2013, Doc. 21. In other words, even if Plaintiffs were allowed to amend, their claims would still be subject to dismissal. This inability to cure, coupled with Plaintiffs' failure to diligently prosecute this case, provides no basis for allowing an amendment.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 8) filed by Defendant Bank of America, N.A, and the Motion to Dismiss (Doc. 9) filed by Defendant Barrett Daffin Frappier Turner & Engel, L.L.P. are **GRANTED**, and Plaintiffs Samuel L. Gilmore and Kimberly Gilmore's case is **DISMISSED**.

SIGNED at Houston, Texas, this 11th day of September, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE